UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 10-0332 |
| ISIAH KEITH | SECTION A(3) |

**ORDER AND REASONS**

Before the Court is a **Motion to Vacate under 28 U.S.C. § 2255 (Rec. Doc. 175)** filed by Isiah Keith. Keith argues that "his assertions of innocence were never investigated" and that "his attorney abandoned any defense efforts," causing Keith to go to trial "without all his witnesses." Keith asserts that counsel failed to investigate a certain alibi. Keith further asserts that counsel failed to provide him with copies of transcripts that were used as evidence. Keith argues that had he been provided copies, he could have assisted in his own defense.

**I.   Ineffective Assistance of Counsel**

A petitioner seeking relief for ineffective assistance of counsel must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, it may dispose of the ineffective assistance claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong of the Strickland test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.

1

*See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

To prevail on the prejudice prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

**II.     Failure to Call Certain Witnesses**

"Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (internal citation omitted). "Where the only evidence of a missing [witness's] testimony is from the defendant, this Court views claims of ineffective assistance with great caution." *Id.* Further, in an ineffective assistance of counsel claim based on failure to call a witness, the petitioner must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Hooks v. Thaler*, 394 Fed.

App'x 79, 82-83 (quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)). Courts require "this showing for claims regarding uncalled lay and expert witnesses alike." *Id.*

Keith argues that counsel failed to call Timothy Varnado to the stand. Keith asserts that Varnado would have testified that Keith had "'nothing to do with the drugs' or the 2008 arrest incident." (Rec. Doc. 175). Keith also argues that counsel failed to call Officer Henry Dejean to the stand. Keith asserts that Dejean would have testified that the drugs were not in Keith's possession. Keith also argues that counsel failed to call Dave Moore to the stand. Keith asserts that Dave Moore would have testified that Keith had "nothing to do with any drug transactions." (Rec. Doc. 175). Lastly, Keith argues that counsel should have called a voice expert to show that it was not Keith's voice in certain recordings used against Keith.

Keith has failed to overcome the strong presumption that his counsel's conduct was reasonable, and he has failed to show that these witnesses would have provided testimony that would have affected the outcome of the trial. As the government notes, Officer Dejean was in Afghanistan at the time of the trial, and further, the government provided testimony from the officer who assisted Dejean on the night of the arrests. The government also provided testimony regarding Varnado and Moore that suggests that testimony from these individuals would not have been favorable for Keith. In light of these facts, the Court presumes that the decision not to call these witnesses was reasonable. Regarding Keith's assertion that counsel should have called a voice expert, Keith has failed to name an expert and show his availability. The government notes that Keith and his attorney did meet with a voice expert who refused to testify due to the poor quality of the recordings. Thus, Keith's argument is lacking, as he did not establish the availability of an expert. In light of this, Keith has failed to persuade the Court that counsel was unreasonable in deciding to forgo expert testimony on the recordings.

### III. Failure to Provide Copies of Evidence to Petitioner

Keith asserts that he was prevented from reviewing certain recordings and alerting his attorney to the fact that it may not have been him on the recordings. As the government notes, Keith admitted that he listened to the recordings with his attorney, and he did dispute that it was his voice on the recordings. Thus, Keith has failed to persuade the Court that if he had received copies of the transcripts of the recordings used at trial, the outcome of the case would have been different.

### IV. Failure to Investigate

In an ineffective assistance of counsel claim based on a failure to investigate, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Strickland*, 466 U.S. at 691. "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

Keith asserted that his counsel failed to obtain a certain plane ticket that would have shown that Keith had been out of town on the date of the drug transactions. However, his counsel stated in an affidavit that Keith never provided an alibi to him or informed him that he had been out of town during the alleged drug transactions. (Rec. Doc. 181-1). Further, as the government notes, Keith offered no evidence in his motion that the plane ticket existed. He also did not mention where he had supposedly travelled. Considering counsel's statements in his affidavit and Keith's lack of supporting evidence, the Court finds that Keith has failed to show that counsel's performance fell below an objective standard of reasonableness.

## V.     Evidentiary Hearing

A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Arguellas*, 78 Fed. App'x 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978)). Because the Court finds that his motion and the records of the case conclusively show that he is not entitled to relief, the Court finds it unnecessary to conduct an evidentiary hearing.

Accordingly;

**IT IS ORDERED** that **Motion to Vacate under 28 U.S.C. § 2255 (Rec. Doc. 175)** is **DENIED**.

New Orleans, Louisiana, this 26th day of May, 2016

                                                        JUDGE JAY C. ZAINEY
                                          UNITED STATES DISTRICT JUDGE