UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 10-0332 |
| ISIAH KEITH | SECTION A(3) |

## ORDER AND REASONS

Before the Court is a **Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Rec. Doc. 210)** filed by Isiah Keith and **Defendant's Motion to Supplement his Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Rec. Doc. 216)** filed by appointed counsel Valerie Jusselin, as well as the **Government's Response to Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Rec. Doc. 221)**. Petitioner asks this Court to review the inherent unfairness and injustice of his sentence especially in light of former DEA Agent Chad Scott and Rodney Gemar's illegal and disreputable law enforcement tactics of testifying falsely at defendant's trial and coercing Kenyatta Pea to testify falsely. Several years prior to Chad Scott's conviction, Keith filed a Motion to Vacate Pursuant to 28 U.S.C. 2255, arguing that "his assertions of innocence were never investigated" and that "his attorney abandoned any defense efforts," causing Keith to go to trial "without all his witnesses." Keith asserts that counsel failed to investigate a certain alibi. Keith further asserts that counsel failed to provide him with copies of transcripts that were used as evidence. Keith argues that had he been provided copies, he could have assisted in his own defense. The pertinent background of the case is summarized by both counsel for defendant and the government in their motions.

Before the Court may reduce a defendant's term of imprisonment, it must find that extraordinary and compelling reasons warrant a sentence reduction and that the reduction is consistent with applicable policy statements of the Sentencing Commission. 18 U.S.C. §3582(c)(1)(A), as well the sentencing factors under §3553(a).

The Court also takes into consideration the First Step Act changes to Title 18 U.S.C. §841(b), which reduced the mandatory minimum sentence for a drug defendant with one prior serious drug felony from 20 years to 15 years. Although, the First Step Act's changes have not been ordered retroactive, the Fifth Circuit has held that District Courts have the discretion to consider whether those types of changes constitute extraordinary and compelling circumstances warranting a compassionate release under 18 U.S.C. §3582(c)(1)(A)(I). See *United States v. Cooper,* 996 F.3d 283, 289 (5th Cir. 2021), where the appellate court vacated and remanded a denial of compassionate release and directed the district court to consider "whether the nonretroactive sentencing changes in his §924(c) convictions, either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction of sentence." If Mr. Keith were sentenced today, he would be serving a minimum 15 year sentence. The Court is also taking into consideration the lack of credibility of trial witnesses including the former DEA agent Chad Scott who was convicted on several counts in 2019 and 2021, including perjury and obstruction of justice.

Mr. Keith was sentenced on July 29, 2013 to 240 months on the charges for which he was convicted.

The court is satisfied from Mr. Keith's Bureau of Prison record, that he is not a threat to society and that he has a promising future. Considering the §3553(a) factors and the totality of

the circumstances in his case, the Court hereby reduces Isiah Keith's sentence to fifteen (15) years.

Accordingly;

**IT IS ORDERED** that petitioner's **Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Rec. Doc. 210)** and **Defendant's Motion to Supplement his Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Rec. Doc. 216)** is **GRANTED** and his sentence is reduced to a sentence of **FIFTEEN (15) YEARS, WITH CREDIT FOR TIME SERVED**.

New Orleans, Louisiana, this 12th day of July 2022

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE